**EXHIBIT "B"**

Electronically Issued
4/26/2019 1:03 PM

|   |   |
|---|---|
| 1 | SUMM |
|   | RAMZY PAUL LADAH, ESQ. |
| 2 | Nevada Bar No. 11405 |
|   | **LADAH LAW FIRM** |
| 3 | 517 S. Third Street |
|   | Las Vegas, NV 89101 |
| 4 | litigation@ladahlaw.com |
|   | T: 702.252.0055 |
| 5 | F: 702.248.0055 |
|   | Attorneys for Plaintiff |
| 6 |   |

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| LAURA PETERS, | CASE NO: A-19-793704-C |
|---|---|
|  | CASE NO. |
| Plaintiff, | DEPT. NO. Department 25 |
| vs. |  |
| SWIFT TRANSPORTATION CO. OF ARIZONA, LLC; DOE DRIVER; DOES I through XX, inclusive; and ROE BUSINESS ENTITIES I through XX, inclusive, | **CIVIL SUMMONS** |
| Defendants. |  |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

TO DEFENDANT:

- SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

(a) File with the Clerk of this Court, a formal written response to the Amended Complaint in accordance with the rules of the Court. A $30.00 filing fee is required.

(b) Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

DATED this __26th__ day of April, 2019.

STEVEN D. GRIERSON
CLERK OF THE COURT

_____ 4/26/2019
Deputy Clerk                                    Date

Marie Kramer

Respectfully submitted by:
LADAH LAW FIRM

/s/ Ramzy Paul Ladah, Esq.
_____
RAMZY PAUL LADAH, ESQ.
Nevada Bar No. 11405
517 S. Third Street
Las Vegas, NV 89101
Attorneys for Plaintiff

2

Electronically Filed
4/26/2019 1:02 PM
Steven D. Grierson
CLERK OF THE COURT

1  COMP
RAMZY PAUL LADAH, ESQ.
2  Nevada Bar No. 11405
LADAH LAW FIRM
3  517 S. Third Street
Las Vegas, NV 89101
4  litigation@ladahlaw.com
T: 702.252.0055
5  F: 702.248.0055
Attorneys for Plaintiff

CASE NO: A-19-793704-C
Department 25

DISTRICT COURT

CLARK COUNTY, NEVADA

LAURA PETERS,

    Plaintiff,

vs.

SWIFT TRANSPORTATION CO. OF ARIZONA, LLC; DOE DRIVER; DOES I through XX, inclusive; and ROE BUSINESS ENTITIES I through XX, inclusive,

    Defendants.

CASE NO.
DEPT. NO.

COMPLAINT

    Plaintiff LAURA PETERS by and through her counsel of record RAMZY P. LADAH, ESQ., with the LADAH LAW FIRM, and for her claims of relief against the Defendants, and each of them, alleges and complains as follows:

## JURISDICTION

    1.    At all times relevant hereto, Plaintiff LAURA PETERS ("PETERS") was and still is a resident of the County of Clark, State of Nevada.

    2.    That upon information and belief, at all times relevant hereto, Defendant SWIFT TRANSPORTATION CO. OF ARIZONA LLC ("SWIFT") was and still is a company licensed to do business in the State of Nevada.

    3.    That upon information and belief, Defendant, DOE DRIVER was and still is a resident of the State of Nevada.

0513

4. That the true names and capacities of the Defendants DOES I through XX, inclusive, are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed, believe and thereon allege that each of the Defendants designated as DOES I through XX are owners, operators and/or individuals or agencies otherwise within possession and control of the motor vehicle herein mentioned and/or are individuals otherwise within the flow of traffic as related hereto. Plaintiff is informed, believe and thereon allege that Defendants ROE BUSINESS ENTITIES I through XX, are owners of the motor vehicle herein alleged and/or are in some manner responsible for the actions of its employees and/or assigns of Defendants designated as ROE BUSINESS ENTITIES I through XX. Plaintiff is informed, believe and thereon allege that each of the Defendants designated as a DOE or a ROE BUSINESS ENTITY is in some manner negligently, vicariously, statutorily, contractually, and/or otherwise responsible for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged. Plaintiff will ask leave of the Court to amend this Complaint to insert the true names of such Defendants when the same have been ascertained.

## GENERAL ALLEGATIONS

5. Plaintiff repeats and realleges each and every fact and allegation contained in her Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

6. At all times relevant hereto, particularly on or about June 6 2017 Plaintiff was a restrained Driver in Plaintiff's vehicle, driving northbound on Interstate 15 Freeway near the Sahara Ave off ramp, in Clark County, Nevada.

7. At all times relevant hereto, Defendant DOE DRIVER, who was operating Defendants' vehicle on northbound 15 Freeway in the lane next to Plaintiff, failed to operate his vehicle safely and failed to maintain his vehicle within his lane, causing a severe collision with Plaintiff at a high rate of speed. Defendant DOE DRIVER's collision therein caused injuries to the Plaintiff.

8. At all times relevant hereto. Defendants SWIFT owned, maintained, and controlled Defendants' vehicle, which was driven by Defendant DOE DRIVER.

2

9. At all times relevant hereto, Defendant DOE DRIVER, were operating Defendants' vehicle with the consent, permission and acquiescence of Defendants SWIFT.

10. At all times relevant hereto, Defendant DOE DRIVER failed to stop at the scene of the incident and drove away without exchanging information with Plaintiff.

11. At all times relevant hereto, Plaintiff sustained significant injuries as a result of Defendants' actions and the aforesaid collision.

## FIRST CAUSE OF ACTION
### (Negligence / Negligence Per Se)

12. Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

13. At all times relevant hereto, Defendants negligently operated their vehicle to cause a collision, resulting in significant injuries to Plaintiff.

14. At all times relevant hereto, Nevada Revised Statutes – specifically NRS 484B.600, and NRS 484B.603, *et seq.* - were designed and enacted to protect a class of persons, in particular motorists, to which Plaintiff belonged, and Plaintiff's damages were the type of harm the Nevada Revised Statutes were designed and enacted to prevent.

15. As a result of Defendants' aforesaid negligent actions and/or failures to act, Defendants violated Nevada Revised Statutes and is, therefore, negligent per se.

17. As direct and proximate result of Defendants' aforesaid actions and omissions, Plaintiff was injured in her health, strength and activity, sustained injury to her body and shock and injury to her person, all of which has caused and will continue to cause Plaintiff pain and suffering.

18. As a direct and proximate result of Defendants' aforesaid actions and omissions, Plaintiff has incurred and continues to incur emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, medical expenses, and future medical expenses, all to Plaintiff's general and special damages in an amount in excess of fifteen thousand dollars ($15,000.00).

3

19. As a direct and proximate result of Defendants' aforesaid actions and omissions, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION
(Negligent Entrustment / Joint & Several Liability / Agency Respondeat Superior / Vicarious Liability)

20. Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporate the same herein by reference as though fully set forth herein verbatim.

21. At all times relevant hereto, Defendants SWIFT owned, maintained, and controlled Defendants' vehicle, which was driven by Defendant DOE DRIVER.

22. At all times relevant hereto, Defendants SWIFT and/or its agents or assigns negligently, carelessly and recklessly allowed Defendant DOE DRIVER to drive a vehicle owned/maintained by Defendants SWIFT.

23. At all times relevant hereto, SWIFT and/or its agents or assigns negligently, carelessly and recklessly maintained and controlled its agents/assigns, thereby causing the subject accident.

24. At all times relevant hereto, Defendant DOE DRIVER was acting within the course and scope of his employment, services or agency with Defendants SWIFT when the subject collision occurred and at all times relevant and mentioned herein.

25. At all times relevant hereto, Defendants were acting within the course and scope of their employment, services or agency with Defendants SWIFT when the subject incident occurred and acted negligently, thus each and every other Defendant, including but not limited to, Defendants SWIFT, and DOE and ROE Defendants, are vicariously liable for the injuries sustained by Plaintiff as alleged herein.

26. At all times relevant hereto, the individual Defendants named herein, including but not limited to Defendants, were acting within the course and scope of their employment, services or agency with the corporate Defendants named herein when the subject incident occurred and acted negligently and with a "conscious disregard," each and every other Defendant, including DOE and

4

1  ROE BUSINESS ENTITY Defendants and Defendants SWIFT are vicariously liable for the
2  injuries sustained by Plaintiff as alleged herein.

3  27.  At all times relevant hereto, All Defendants named herein are agents, partners, co-
4  partners, co-agents, and were the agents, servants, employees, joint-venturers, and copartners of
5  their said co-Defendants and, as such, were acting within the course and scope of such agency,
6  service partnership, venture, and employment at all times herein mentioned; that each and every
7  Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of
8  each and every other Defendant, as its agent, servant, employee, joint-venturer and partner.

9  28.  As a direct and proximate result of the aforesaid acts and/or inactions of Defendants
10 SWIFT and/or its agents or assigns were breaches of the duty of reasonable care owed by
11 Defendants to the general public, and in particular to Plaintiff.

12 29.  As direct and proximate result of Defendants' aforesaid actions, Plaintiff was injured
13 in her health, strength and activity, sustained injury to her body and shock and injury to her person,
14 all of which has caused and will continue to cause Plaintiff pain and suffering.

15 30.  As a direct and proximate result of Defendants' aforesaid actions, Plaintiff has
16 incurred and continue to incur emotional distress, pain and suffering, loss of enjoyment of life, loss
17 of household services, lost wages, lost earning capacity, medical expenses, and future medical
18 expenses, all to Plaintiff's general and special damages in an amount in excess of fifteen thousand
19 dollars ($15,000.00).

20 31.  As a direct and proximate result of Defendants' aforesaid actions and omissions, it
21 has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff
22 is entitled to recover reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
(Negligent Hiring, Training, Supervision and Policies/Procedures)

32.  Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

33.  Defendants, and each of them, acted negligently, among other reasons in failing to do the following:

5

i. Establish and implement proper policies and procedures for employees, staff and agents working for Defendants;

ii. Establish and implement proper policies and procedures for safely operating Defendants' vehicle(s);

iii. Establish and implement proper policies and procedures for obeying the laws and rules of the road;

iv. Properly, responsibly and prudently hire employees;

v. Properly, responsibly and prudently investigate employees before hiring them;

vi. Properly, responsibly and prudently supervise and/or manage employees once they were hired;

vii. Properly, responsibly and prudently train employees or instruct them as to their duties;

viii. Properly, responsibly and prudently monitor and regulate the conduct of employees;

ix. Properly, responsibly and prudently delegate driving responsibilities to employees, agents, DOE Defendants or ROE BUSINESS ENTITIES;

x. Properly, responsibly and prudently set up mechanisms to ensure that all Defendants' drivers are reasonably prudent to operate Defendants' vehicles on public roadways.

34. As a result of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff was injured in her health, strength and activity, sustaining shock and injury to her body and person, all of which have caused, and will continue to cause, the Plaintiff physical, mental, and nervous pain and suffering.

35. As a result of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff has incurred expenses for medical care and treatment, expenses incidental thereto, lost wages and loss of earning capacity, all to Plaintiff's damage, the present amount of which is unknown but is currently in excess of $15,000.00; such expenses and losses will continue in the future, all to Plaintiff's damage in a presently unascertainable amount. In this regard, Plaintiff prays for leave of Court to insert all said damages herein when the same have been fully ascertained.

6

36. As a result of Defendants' aforesaid negligent actions, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff prays for relief against the Defendants, and each of them, for each cause of action as follows:

1. For general damages and loss in an amount in excess of $15,000.00;
2. For special damages in an amount in excess of $15,000.00;
3. For property damages;
4. For punitive damages;
5. Interest and costs incurred by the Plaintiffs in bringing his claims;
6. For attorney's fees and costs; and
7. For such other and further relief as the Court may deem just and proper.

DATED this 23rd day of April, 2019.

                                                **LADAH LAW FIRM**

                                                */s/ Ramzy Ladah*

                                                RAMZY PAUL LADAH, ESQ.
Nevada Bar No. 11405
517 S. Third Street
Las Vegas, NV 89101
Attorneys for Plaintiff

7

Electronically Filed
5/10/2019 2:32 PM
Steven D. Grierson
CLERK OF THE COURT

```
1   AMDS
    SUMM
2   RAMZY PAUL LADAH, ESQ.
    Nevada Bar No. 11405
3   LADAH LAW FIRM
    517 S. Third Street
4   Las Vegas, NV 89101
    litigation@ladahlaw.com
5   T: 702.252.0055
    F: 702.248.0055
6   Attorneys for Plaintiff
```

DISTRICT COURT

CLARK COUNTY, NEVADA

| LAURA PETERS,<br><br>    Plaintiff,<br><br>vs.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC; DOE DRIVER; DOES I through XX, inclusive; and ROE BUSINESS ENTITIES I through XX, inclusive,<br><br>    Defendants. | CASE NO.<br><br>DEPT. NO.<br><br>**AMENDED CIVIL SUMMONS** |
|---|---|

  NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO DEFENDANT:

      **SWIFT TRANSPORTATION CO. OF ARIZONA, LLC**

  A civil Amended Complaint has been filed by the Plaintiff against you for the relief set forth in the Amended Complaint.

  1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

  (a) File with the Clerk of this Court, a formal written response to the Amended Complaint in accordance with the rules of the Court. A $30.00 filing fee is required.

1

(b)     Serve a copy of your response upon the attorney whose name and address is shown below.

2.     Unless you respond, your default will be entered upon application of the Plaintiff and failure to so respond will result in a judgment of default against you for the relief demanded in the Amended Complaint, which could result in the taking of money or property or other relief requested in the Amended Complaint.

3.     If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.     The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Amended Complaint.

DATED this 10th day of May, 2019.

**CLERK OF THE COURT**

_____
Deputy Clerk                                    Date

Respectfully submitted by:
**LADAH LAW FIRM**

/s/ Ramzy Paul Ladah, Esq.
_____
RAMZY PAUL LADAH, ESQ.
Nevada Bar No. 11405
517 S. Third Street
Las Vegas, NV 89101
Attorneys for Plaintiff



2

Electronically Filed
5/10/2019 2:32 PM
Steven D. Grierson
CLERK OF THE COURT

1  ACOM
   RAMZY PAUL LADAH, ESQ.
2  Nevada Bar No. 11405
   **LADAH LAW FIRM**
3  517 S. Third Street
   Las Vegas, NV 89101
4  litigation@ladahlaw.com
   T: 702.252.0055
5  F: 702.248.0055
   Attorneys for Plaintiff

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| LAURA PETERS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC; DOE DRIVER; DOES I through XX, inclusive; and ROE BUSINESS ENTITIES I through XX, inclusive,<br><br>　　　　　Defendants. | CASE NO.<br>DEPT. NO.<br><br>**AMENDED COMPLAINT** |

Plaintiff LAURA PETERS by and through her counsel of record RAMZY P. LADAH, ESQ., with the LADAH LAW FIRM, and for her claims of relief against the Defendants, and each of them, alleges and complains as follows:

### JURISDICTION

1. At all times relevant hereto, Plaintiff LAURA PETERS ("PETERS") was and still is a resident of the County of Clark, State of Nevada.

2. That upon information and belief, at all times relevant hereto, Defendant SWIFT TRANSPORTATION CO. OF ARIZONA LLC ("SWIFT") was and still is a company licensed to do business in the State of Nevada.

3. That upon information and belief, Defendant, DOE DRIVER was and still is a resident of the State of Nevada.

0513

4. That the true names and capacities of the Defendants DOES I through XX, inclusive, are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed, believe and thereon allege that each of the Defendants designated as DOES I through XX are owners, operators and/or individuals or agencies otherwise within possession and control of the motor vehicle herein mentioned and/or are individuals otherwise within the flow of traffic as related hereto. Plaintiff is informed, believe and thereon allege that Defendants ROE BUSINESS ENTITIES I through XX, are owners of the motor vehicle herein alleged and/or are in some manner responsible for the actions of its employees and/or assigns of Defendants designated as ROE BUSINESS ENTITIES I through XX. Plaintiff is informed, believe and thereon allege that each of the Defendants designated as a DOE or a ROE BUSINESS ENTITY is in some manner negligently, vicariously, statutorily, contractually, and/or otherwise responsible for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged. Plaintiff will ask leave of the Court to amend this Complaint to insert the true names of such Defendants when the same have been ascertained.

## GENERAL ALLEGATIONS

5. Plaintiff repeats and realleges each and every fact and allegation contained in her Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

6. At all times relevant hereto, particularly on or about June 16 2017 Plaintiff was a restrained Driver in Plaintiff's vehicle, driving northbound on Interstate 15 Freeway near the Sahara Ave off ramp, in Clark County, Nevada.

7. At all times relevant hereto, Defendant DOE DRIVER, who was operating Defendants' vehicle on northbound 15 Freeway in the lane next to Plaintiff, failed to operate his vehicle safely and failed to maintain his vehicle within his lane, causing a severe collision with Plaintiff at a high rate of speed. Defendant DOE DRIVER's collision therein caused injuries to the Plaintiff.

8. At all times relevant hereto, Defendants SWIFT owned, maintained, and controlled Defendants' vehicle, which was driven by Defendant DOE DRIVER.

2

9. At all times relevant hereto, Defendant DOE DRIVER, were operating Defendants' vehicle with the consent, permission and acquiescence of Defendants SWIFT.

10. At all times relevant hereto, Defendant DOE DRIVER failed to stop at the scene of the incident and drove away without exchanging information with Plaintiff.

11. At all times relevant hereto, Plaintiff sustained significant injuries as a result of Defendants' actions and the aforesaid collision.

## FIRST CAUSE OF ACTION
### (Negligence / Negligence Per Se)

12. Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

13. At all times relevant hereto, Defendants negligently operated their vehicle to cause a collision, resulting in significant injuries to Plaintiff.

14. At all times relevant hereto, Nevada Revised Statutes – specifically NRS 484B.600, and NRS 484B.603, *et seq.* - were designed and enacted to protect a class of persons, in particular motorists, to which Plaintiff belonged, and Plaintiff's damages were the type of harm the Nevada Revised Statutes were designed and enacted to prevent.

15. As a result of Defendants' aforesaid negligent actions and/or failures to act, Defendants violated Nevada Revised Statutes and is, therefore, negligent per se.

17. As direct and proximate result of Defendants' aforesaid actions and omissions, Plaintiff was injured in her health, strength and activity, sustained injury to her body and shock and injury to her person, all of which has caused and will continue to cause Plaintiff pain and suffering.

18. As a direct and proximate result of Defendants' aforesaid actions and omissions, Plaintiff has incurred and continues to incur emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, medical expenses, and future medical expenses, all to Plaintiff's general and special damages in an amount in excess of fifteen thousand dollars ($15,000.00).

3

19. As a direct and proximate result of Defendants' aforesaid actions and omissions, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Negligent Entrustment / Joint & Several Liability / Agency Respondeat Superior / Vicarious Liability)

20. Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporate the same herein by reference as though fully set forth herein verbatim.

21. At all times relevant hereto, Defendants SWIFT owned, maintained, and controlled Defendants' vehicle, which was driven by Defendant DOE DRIVER.

22. At all times relevant hereto, Defendants SWIFT and/or its agents or assigns negligently, carelessly and recklessly allowed Defendant DOE DRIVER to drive a vehicle owned/maintained by Defendants SWIFT.

23. At all times relevant hereto, SWIFT and/or its agents or assigns negligently, carelessly and recklessly maintained and controlled its agents/assigns, thereby causing the subject accident.

24. At all times relevant hereto, Defendant DOE DRIVER was acting within the course and scope of his employment, services or agency with Defendants SWIFT when the subject collision occurred and at all times relevant and mentioned herein.

25. At all times relevant hereto, Defendants were acting within the course and scope of their employment, services or agency with Defendants SWIFT when the subject incident occurred and acted negligently, thus each and every other Defendant, including but not limited to, Defendants SWIFT, and DOE and ROE Defendants, are vicariously liable for the injuries sustained by Plaintiff as alleged herein.

26. At all times relevant hereto, the individual Defendants named herein, including but not limited to Defendants, were acting within the course and scope of their employment, services or agency with the corporate Defendants named herein when the subject incident occurred and acted negligently and with a "conscious disregard," each and every other Defendant, including DOE and

4

ROE BUSINESS ENTITY Defendants and Defendants SWIFT are vicariously liable for the injuries sustained by Plaintiff as alleged herein.

27. At all times relevant hereto, All Defendants named herein are agents, partners, co-partners, co-agents, and were the agents, servants, employees, joint-venturers, and copartners of their said co-Defendants and, as such, were acting within the course and scope of such agency, service partnership, venture, and employment at all times herein mentioned; that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant, as its agent, servant, employee, joint-venturer and partner.

28. As a direct and proximate result of the aforesaid acts and/or inactions of Defendants SWIFT and/or its agents or assigns were breaches of the duty of reasonable care owed by Defendants to the general public, and in particular to Plaintiff.

29. As direct and proximate result of Defendants' aforesaid actions, Plaintiff was injured in her health, strength and activity, sustained injury to her body and shock and injury to her person, all of which has caused and will continue to cause Plaintiff pain and suffering.

30. As a direct and proximate result of Defendants' aforesaid actions, Plaintiff has incurred and continue to incur emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, medical expenses, and future medical expenses, all to Plaintiff's general and special damages in an amount in excess of fifteen thousand dollars ($15,000.00).

31. As a direct and proximate result of Defendants' aforesaid actions and omissions, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### (Negligent Hiring, Training, Supervision and Policies/Procedures)

32. Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

33. Defendants, and each of them, acted negligently, among other reasons in failing to do the following:

5

    i. Establish and implement proper policies and procedures for employees, staff and agents working for Defendants;

    ii. Establish and implement proper policies and procedures for safely operating Defendants' vehicle(s);

    iii. Establish and implement proper policies and procedures for obeying the laws and rules of the road;

    iv. Properly, responsibly and prudently hire employees;

    v. Properly, responsibly and prudently investigate employees before hiring them;

    vi. Properly, responsibly and prudently supervise and/or manage employees once they were hired;

    vii. Properly, responsibly and prudently train employees or instruct them as to their duties;

    viii. Properly, responsibly and prudently monitor and regulate the conduct of employees;

    ix. Properly, responsibly and prudently delegate driving responsibilities to employees, agents, DOE Defendants or ROE BUSINESS ENTITIES;

    x. Properly, responsibly and prudently set up mechanisms to ensure that all Defendants' drivers are reasonably prudent to operate Defendants' vehicles on public roadways.

34. As a result of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff was injured in her health, strength and activity, sustaining shock and injury to her body and person, all of which have caused, and will continue to cause, the Plaintiff physical, mental, and nervous pain and suffering.

35. As a result of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff has incurred expenses for medical care and treatment, expenses incidental thereto, lost wages and loss of earning capacity, all to Plaintiff's damage, the present amount of which is unknown but is currently in excess of $15,000.00; such expenses and losses will continue in the future, all to Plaintiff's damage in a presently unascertainable amount. In this regard, Plaintiff prays for leave of Court to insert all said damages herein when the same have been fully ascertained.

36. As a result of Defendants' aforesaid negligent actions, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff prays for relief against the Defendants, and each of them, for each cause of action as follows:

1. For general damages and loss in an amount in excess of $15,000.00;
2. For special damages in an amount in excess of $15,000.00;
3. For property damages;
4. For punitive damages;
5. Interest and costs incurred by the Plaintiffs in bringing his claims;
6. For attorney's fees and costs; and
7. For such other and further relief as the Court may deem just and proper.

DATED this 10th day of May, 2019.

LADAH LAW FIRM

*/s/ Ramzy Ladah*

RAMZY PAUL LADAH, ESQ.
Nevada Bar No. 11405
517 S. Third Street
Las Vegas, NV 89101
Attorneys for Plaintiff

7

Electronically Filed
5/6/2019 2:36 PM
Steven D. Grierson
CLERK OF THE COURT

**PSER**
RAMZY PAUL LADAH, ESQ.
517 So. THIRD St.
Las Vegas, NV 89101
702-252-0055
*Attorney for:* Plaintiff

## DISTRICT COURT
## CLARK COUNTY NEVADA

| | |
|---|---|
| LAURA PETERS | Case Number: **A-19-793704-C** |
| *Plaintiff* | Dept/Div: **25** |
| SWIFT TRANSPORTATION CO. OF ARIZONA, LLC | **PROOF OF SERVICE** |
| *Defendant* | |

Norma Holland-Dunham, being duly sworn deposes and says: that at all times herein affiant was and is a citizen of the United States, over 18 years of age, licensed to serve civil process in the state of Nevada under license #389, and not a party to or interested in the proceeding in which this affidavit is made. The affiant received on Wednesday May 01 2019; 1 copy(ies) of the:

**SUMMONS; COMPLAINT**

I served the same on Wednesday May 01 2019 at 12:15PM by:

**Serving Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, BY SERVING NATIONAL REGISTERED AGENTS, INC., REGISTERED AGENT**

by serving: DANIELLE NAKI, ADMINISTRATIVE ASSISTANT FOR NATIONAL REGISTERED AGENTS, INC., PURSUANT TO NRS 14.020   at the Defendant's Business located at 701 S CARSON ST, STE 200, CARSON CITY, NV  89701.

Pursuant to NRS 53.045, I declare under the penalty of perjury under the law of the State of Nevada that the forgoing is true and correct.
**Executed: Thursday May 02 2019**

Affiant: Norma Holland-Dunham #R-061612
**LEGAL WINGS, INC. - NV LIC #389**
1118 FREMONT STREET
Las Vegas, NV 89101
(702) 384-0305, FAX (702) 384-8638

*2520055.590014*

Case Number: A-19-793704-C